Our first case is Johnson v. Reyna, 21-1371. And going first for the appellant is Ms. Szymborski. Close enough for it's coming from a template, which I should be able to do better. That was perfect. Good morning. Katrina Szymborski, and I represent appellant Jabari Johnson. I would like to reserve three minutes for rebuttal, please. Your honors, and may it please the court, defendants beat Mr. Johnson so severely that he required surgery and physical therapy, and he experienced excruciating pain. The district court nevertheless dismissed this case because first, it read an atextual amorphous more than de minimis standard into 1997 EE's physical injury requirement. Second, it incorrectly found that Mr. Johnson's injuries were not severe enough to meet that standard. And third, it ignored that he asked for punitive damages in his complaint. That's at record site A-17. No one disputes that punitive damages are available here, even if there is a more than de minimis standard that he doesn't meet. And defendants do not argue that he waived his claim for punitive damages. So at a minimum, this court must remand to allow Mr. Johnson to pursue those. And when this court does remand, it should confirm that statutory interpretation starts with the text, and courts are not free to pave over bumpy text to advance policy goals. Nobody's gone your way on the more than de minimis injuries so far, right? I mean, all the other circuits have found some threshold requirement of physical injury. What's the flaw in those cases? Your Honor, that's true. I'll note first that statutory interpretation is not a head-counting exercise. But the majority of those circuits that announced a more than de minimis standard did so at a time before textualism was the predominant way that we interpreted statutes. So none of them looked to the plain meaning of the text like they would today. They instead melded now outdated Eighth Amendment standards into the analysis, or they relied on policy considerations, or some combination of both. And if those cases were decided today, I believe that they would come out differently. And in fact, the original circuit, the Fifth Circuit, to first announce a more than de minimis standard in Sigler just last year called the more than de minimis standard into question, noting that it was, in fact, incompatible with intervening subpoena for the law. Although it didn't reverse Sigler yet, has it? That's right, Your Honor. It didn't reverse it. It found in that case that it actually didn't need to reach the issue. But that is a strong indication that the tide is turning on the more than de minimis standard. Setting aside your facts for a moment, what is your definition of direct physical injury? If we're going to try to write an opinion that explains that to your client and the other prisoners out there, what is a direct physical injury? Your Honor, any physical injury would count. And that is the way that the term bodily injury, which is synonymous with physical injury, is used throughout the US code. Everywhere that bodily injury in black slaws is exactly synonymous with physical injury. Everywhere that bodily injury is defined throughout the US code or in the model penal code, it includes any cut, scratch, or bruise. It includes physical pain. It truly is. Physical pain would be enough. Yes, that's right, Your Honor. The US code does, in multiple places, define bodily injury as including physical pain. And this court's decision in Mata also confirms that. In Mata, the plaintiff sued for chest pains, which ultimately did result in a heart attack. There was a heart attack there. Yes, Your Honor. I think that counts. What if I put you in a darkened room and blasted loud music for 24 hours? Would that be a direct physical injury? And assuming it was disturbing, it probably would be. Your Honor, perhaps in the facts of that specific case that the plaintiff could plead some kind of physical injury, I do understand that Your Honor is getting at this idea that a lot of classic torture doesn't leave a physical injury. Yeah, would waterboarding be covered as a direct physical injury? Your Honor, I think waterboarding is undeniably painful. I'm not an expert in waterboarding, but I think that. Let's assume it's just scary. You think you're drowning, so it's emotionally disturbing, even though it doesn't harm you. Your Honor, in the fact pattern that Your Honor puts forward, it does seem that there would be no physical injury. But there are many classic types of torture. And I think a court could come out otherwise in waterboarding if the plaintiff does plead that there was pain involved there. So your bright line is pain, physically. I mean pain. That's your bright line? Your Honor, the pain is not a bright line. It is just one of the many types of injuries that do count as physical injury. Because there is no limitation in the text of the statute. And at the time that the PLRA was enacted in 1996, the ordinary public meaning of physical injury included no severity limitation. Now, defendants say that we can't read the word any into the statute. But that has been squarely rejected by the Supreme Court. Courts should not attach any significance to the fact that there is no term any, that the term any does not appear in a statute. And the structure of the PLRA also reinforces this textual argument. Because we know that Congress knew how to include a severity limitation when it enacted the PLRA. Because it included as an exception to the three strikes rule a case where a litigant can show a serious physical injury. But if we conclude that pain is not enough to satisfy the physical injury requirement, do you lose? Your Honor, we do not. Because Mr. Johnson also pleaded that he received a new injury when defendants beat him so severely. And what was the new injury? His jaw was injured so severely that it required surgery. And his right foot was injured so much so that it required physical therapy. Hadn't those already been in? Hadn't there been prior injuries to both? Well, Your Honor, he did come in. Yes, Your Honor. He did come in with prior injuries. But they were, I think, based on the plain words of the statute, or excuse me, of the complaint, he adequately pleaded that those injuries were exacerbated. He did not say that he had a jaw injury that already required surgery and then was beat up. He said that he had a jaw injury, he was beat up, and thereafter required surgery. And in case there was any doubt left after the complaint, at record site A53, in his response to the motion to dismiss, he makes that abundantly clear where he says that he did suffer further injury to his right foot and jaw. And the English isn't perfect here, but he says, in which prescribed surgery by a doctor. I think he probably meant for which he was prescribed surgery by a doctor. So that more than adequately pleads that because of the defendant's conduct, because of the assault, he thereafter required surgery. Did he raise that in his objections to the R&R, or are we bound by the firm waiver rule? Your Honor, he did raise that in his objections. He, again, in his objections said that he suffered further injury. Defendants argue that he waived these arguments regarding the more than de minimis standard by saying that his responses to the R&R were simply that the magistrate was wrong. But in fact, his responses were extremely detailed. He directly references 1997 EE's physical injury requirement. And he explained- Do you have the record site for that? I do. It is record site A80. He says that the magistrate judge quotes the PLRA in stating that plaintiff cannot receive monetary damages for mental and emotional anguish without physical injury. But plaintiff did plead a physical injury, further injury to his right foot and jaw, thus meeting the physical injury requirement. He goes into that level of detail. And even if there is any ambiguity in his objections to the R&R, courts should construe all pro se filings liberally, even if he doesn't cite proper legal authority, even if he confuses various legal theories. He quite clearly here put the district court on notice about which point of law he was contesting and why that point of law was wrong. And if that weren't enough, the district court here passed upon all of these issues. The district court here declared that there was a more than de minimis standard in the statute. And then that the plaintiff's injuries did not meet that more than de minimis standard. So where a district court passes upon an issue and relies upon an issue in coming to its decision, that issue is fair game for an appellate court to review, Your Honor. Let me ask you about Sergeant Wargo and the firm waiver rule. Can you walk me through the interest of justice, the three requirements, and say how he's met those? Yes, Your Honor. So the three exceptions, the effort to comply, force, and plausibility. Yes, Your Honor. So I think here we must remember that Mr. Johnson was pro se. And I think that he was very unlikely to understand that he was expected to file an identical set of objections because the defendant Wargo's motion to dismiss was identical to the others. The magistrate judge's recommendations were identical. So anything Mr. Johnson filed would have been identical. So I think that in terms of interest to justice, we would look to the force and plausibility of the explanation for his failure to comply, which is that to a pro se plaintiff who is unfamiliar with these procedural rules, he simply didn't know or understand that he needed to file an identical set of objections. And the importance of the issue. I mean, to him, this is significant because Mr. Wargo, as he pleads, was a large part of this assault on him, which left him with very serious physical injuries and left him with major depression. So though he can still go forward against the others, I think that given what his allegations against Mr. Wargo and his complaint, he would feel that justices, in the interest of justice, he should go forward against everybody who beat him up and everybody who wronged him. Now, I see that I've reached. I only have three minutes left. I'd like to reserve three minutes for rebuttal. Excuse me. Yeah, counsel. OK, thank you very much. Mr. Woodward? Good morning, and may it please the court. My name is Cole Woodward. I'm here from the Colorado Attorney General's Office on behalf of the appellees Corrin, Wargo, and Reyna. First, I'd like to start off by addressing some of the characterizations from appellant's counsel about the allegations that are actually in the complaint here. She characterized those allegations as stating that plaintiff was assaulted so badly by defendants that he required surgery. But in fact, there are no allegations present in the complaint that can support that characterization. If we look to what's actually in the complaint, Mr. Johnson alleges that Sergeant Reyna stepped on his untreated right foot, causing pain. He also alleges that Sergeant Reyna and staff, quote, slammed plaintiff on his untreated fractured jaw, indicating that the jaw was already fractured before this incident took place. Immediately after that allegedly took place, he spoke to staff telling them that he was in excruciating pain. He then indicated that the, so all of these allegations are to indicate that the fractured jaw clearly predated this incident. Next, he alleges that defendant Wargo applied unnecessary pressure to plaintiff's feet. Plaintiff asked Wargo to stop retaliating against him, quote, because of speech. Defendants, then Mr. Johnson alleges that defendants willfully and wantonly inflicted pain and injury to plaintiff's jaw and foot, causing him to suffer depression, anxiety, and emotional distress. Now, the only pain, I'm sorry, the only injury alleged in these allegations, as the court noted earlier, is physical pain. I'm sorry, the only injury that could be characterized as potentially physical. The other injuries, depression, anxiety, and emotional distress are clearly mental or emotional injuries that could not satisfy the PLRA's physical injury requirement. All right. He spoke of further injury in his objection. Yes, there are several vague references to further injury throughout the record in this case. Why is that vague? That sounds clear to me. Further injury means I got injured more. Because it is incumbent upon the claimant to tell both the court and the defendants what injury he suffered. So a reference to further injury alone does not tell us what kind of injury he suffered. Well, tell me something that would satisfy you on that. How specific does he have to be? Obviously, he's not a medical doctor. Not terribly, Your Honor. I think if Mr. Johnson had alleged that his broken jaw was further displaced, or that he had additional bruising to his broken jaw, or that his broken jaw required immediate medical treatment, that any of those allegations could have potentially satisfied the physical injury requirement here. But those allegations are notably absent from the complaint. Does it matter that he's pro se? Shouldn't he get some slack there? It certainly, the fact that he's pro se certainly does allow him more leniency from this court in terms of construing his allegations. However, as this court is aware, Mr. Johnson is not a typical pro se plaintiff in the sense that he has filed 179 cases in the District of Colorado since his incarceration began in 2017. He's well familiar with the pleading requirements and the procedural rules associated with these types of cases. Are we supposed to start drawing lines, then, on how many cases the pro se defendant has filed? You're inviting us into a bit of a pit, it seems like. We have a nice straight line if we say you're pro se, but 10 lawsuits, 20 lawsuits? Absolutely not, Your Honor.  material to the extent that it informs the exercise of judgment by the district's court in determining exactly how much lenience should be applied in construing his allegations. And in that regard, the allegation that he suffered further injury is simply not enough to meet the Rule 8 standard with respect to describing the injury that he allegedly suffered. How about the allegation that he's in dire need of medical treatment? So if we look at the actual allegations relating to his needs for medical treatment, he alleges that he was scheduled for physical therapy by Dr. Richard Hodge on February 3rd of 2019, almost a year after this incident took place. He also alleges that dentist Dr. Michael Hale stated that he needed to visit an oral surgeon regarding a misaligned concave jaw in the same time frame.  for additional treatment took place nearly a year after the incident that gave rise to this complaint. And those allegations are- Are you saying he didn't complain about, he didn't request medical treatment until a year later? He did not receive or request any medical treatment in the aftermath of this incident. Receiving is different than requesting, because sometimes it takes a long time. Understood, Your Honor. But there are no allegations in the complaint that could connect these very attenuated allegations regarding the need for medical treatment over a year with the incident that took place on May 3rd of 2018. Is there anything in the record that shows when he requested medical treatment? There is nothing in the complaint or in the record that indicates that he requested medical treatment after the incident. He does allege that he needed medical treatment in the sense that his fractured jaw was untreated, but he does not indicate that that need for medical treatment arose from this incident. Instead, it's fairly apparent from the complaint that the need for medical treatment pre-existed any of the events that are alleged in this complaint, because he already had a broken jaw. So turning to the question of nominal damages, the issue of nominal damages is not properly before the court here today, because Mr. Johnson did not raise that issue in his objection to the magistrate's recommendation, nor did he request nominal damages in his complaint. Now, certainly he, as we discussed earlier, he is entitled to more lenience as a pro se party in terms of construing his complaint. However, in this case, Mr. Johnson is effectively asking the court to craft an entirely new request for relief from whole cloth here. That goes beyond liberally construing the complaint and crosses the line into constructing a new theory of relief on appellant's behalf, which is prescribed in Smith v. U.S. 561 F. 3rd 1090 by the Supreme Court. Mr. Johnson, in his appellate briefing, cites to Ola v. Al-Hafez for the proposition that a pro se plaintiff need not explicitly request nominal damages in their complaint. However, that holding may be confined to the First Amendment context where it arose. In that case, the plaintiff sought relief for violations of his First Amendment rights. His complaint was written in a manner consistent with innate claim for nominal damages. And moreover, that was the only form of relief available because he could not allege an injury that could give rise to a compensatory damages claim. None of those factors apply in this case. Mr. Johnson was clearly seeking compensatory relief for the injuries that he allegedly suffered at the defendant's hands. He stated as much in his plea for relief. Moreover, there is no support for the position that a claimant need not request nominal damages from this jurisdiction. Other courts that have considered the issue have found that pro se plaintiffs indeed must request nominal damages in their complaint to seek that form of relief, including the D.C. Circuit in Davis v. D.C. 158 F. 1342. In Davis, the D.C. Circuit rejected an appellant's request to read a request for nominal damages into the complaint at the appellate stage for the first time, just as in this case, where the issue of nominal damages was never placed before the district court at any time, including in the objection to the magistrate's recommendation. Isn't he entitled to nominal damages for a constitutional violation? Are you saying that our authority says only for First Amendment? I'm saying that there's no clear precedent indicating that a plaintiff is necessarily entitled to nominal damages when claims for compensatory damages could lie in the same action. However, in this case, I think what's dispositive is the firm waiver rule. What we have here is a failure to raise the issue of nominal damages in any capacity before the district court, and therefore the firm waiver rule applies. Nor is the issue of the PLRA de minimis injury properly before the court. Mr. Johnson did not object to the magistrate's conclusion, stating that he did not allege an injury that could satisfy the PLRA's physical injury requirement. Instead, he merely asserted that the court's conclusion was wrong. In his objection, he noted that he suffered, quote, further injury and pain to plaintiff's jaw and foot. But as Judge Moore noted, this was not sufficiently specific to put the court on notice as to the legal basis for his objection. He did not, for example, argue that the de minimis injury requirement applied by the court is inconsistent with the plain text of the statute. He also never argued that pain alone constitutes a more than de minimis injury. So at most, the only question that is properly before the court today is whether Mr. Johnson, confined simply to the allegations in the complaint, alleged a more than de minimis injury. Explain, why should we go along with the more than de minimis formulation? I mean, it's an open question here in the circuit. The appellant, you know, raises a textless argument that those additional threshold words aren't in there. Why, what's your argument that we should go along with the other circuits? So I would push back on appellant's characterization that somehow statutory analysis has changed at the circuit court level in recent years. I think the procedure remains the same. Courts look to the text of the statute first, and then if the text is unclear, they turn to the purposes of the statute, as indicated by, for example, the congressional record at the time it was passed. Here, the language at issue is physical injury. And every court that has looked at that phrase and attempted to apply it to cases like this one have found it to be ambiguous. It's ambiguous within the context of the statute because it does not define what characterizes a physical injury versus a mental or emotional injury. It's exactly the issue that this court is struggling with here today. It may be ambiguous, but why is the path to solving ambiguity tacking on some non-de minimis injury requirement? Because there are other ways to get there through traditional tort law or common law principles. The Ninth Circuit resolved that exact question by looking to the purposes of the statute. And they found that the purpose of the statute was to limit the scope of compensatory damages claims coming out of correctional facilities. And looking more specifically to Congress's remarks, clearly Congress intended, and this is evidenced by the remarks of Senator Dole at the time, at 141 of the congressional record, S7525, that unlike physical injuries, emotional injuries are inherently difficult to verify and therefore tend to be concocted for frivolous suits. So to treat pain alone as an injury under the PLRA would not align with Congress's intent in passing the statute to limit claims to verifiable injuries. The intention, so, and it's important to point out that pain resulting from a physical injury under this formulation is actionable, but pain alone is not. Our MATA case could be read to suggest that pain alone is enough. I think that's an unfair reading of the MATA case where the claimant in that case actually suffered a heart attack as a result of the allegedly insufficient medical care that he received. And clearly a heart attack is a physical injury that can satisfy the physical injury requirement of the PLRA. Isn't exacerbating a broken jaw injury? If there were allegations indicating that the broken jaw was in fact exacerbated by defendant's conduct, then I think potentially that could satisfy the physical injury requirement. But those allegations are absent from this complaint. Well, think about his allegations. Doesn't he say that he got slammed? He does, but he does not. And if you have a broken jaw and you get slammed into a hard surface, is it such a stretch to say that that would exacerbate your injury? It's not a stretch, Your Honor, but it does need to appear in the complaint. And what actually appears in the complaint is that he suffered excruciating pain, but not any additional injury. And therefore, those allegations simply do not describe the kind of physical injury that could overcome the PLRA's physical injury limitations. So we're required to read that complaint, say you had a broken jaw, you got slammed onto a hard surface, but no problem. No, Your Honor. I think conduct such as that, such as the waterboarding example that Judge Timkovich raised earlier, could be potentially actionable if the plaintiff requests nominal damages and pairs that request with punitive damages. The only class of claim that is foreclosed by the PLRA is compensatory damages. And that was essentially the claim that Mr. Johnson brought here, which is why it's foreclosed. What he didn't do was make a request for nominal damages paired with his request for punitive damages, nor did he raise that issue at the objection stage. Therefore, the firm waiver rule bars that request. So in conclusion, Your Honor, I think this court would have to find, find contrary to every other circuit court that has addressed this issue in order to find for the appellant. Thank you. Thank you, counsel. Mr. Morski, you got some rebuttal time? Thank you. I just want to begin by saying that the record site for the objections that Your Honor asked me about, I said A80, it's actually A66. So I apologize for that. So my friend on the other side said that had Mr. Johnson alleged that he had, and I wrote this down word for word, a broken jaw that required immediate medical treatment, that would suffice. That is essentially what he alleged. He said that he had a broken jaw. He was slammed on his jaw. He added a timeline. Then after that happened, he required surgery. Now, a jaw fracture doesn't always require surgery. So drawing all inferences in his favor, he went in with a mild jaw fracture that did not require surgery. And then thereafter, after he was slammed onto the concrete floor on his jaw, he required surgery. That is the most natural reading of the complaint, and especially drawing all inferences in his favor. To the extent that his allegations are not enough here, he should be allowed to amend. The complaint should not have been dismissed with prejudice. This court said in Reynoldson that if it is at all possible for a plaintiff to allege additional facts that would cure any deficiencies, he should do so. And here, he just had to clarify the nature and the extent of his injuries. And again, given what he said in his opposition, and given what he said in the opposition and the objections, we know that he has further facts that he can allege to meet these pleading standards. But if this court does remand in order to allow him to amend, I would urge this court to also give the district court some additional guidance on the fundamental issues at the heart of this case, which are, is there a more than de minimis requirement in 1997 EE, and if not, what level of injury clears the more than de minimis standard? Lastly, I will just note that Apelli did not address the fact that Mr. Johnson did in fact ask for punitive damages. And so for that reason alone, this court must remand and allow him to, even if this court disagrees with us on everything else, must remand and allow him to pursue those punitive damages.  I ask that this court reverse and remand. Thank you, I also appreciate your arguments. That was clarifying, at least to me. I'm excused and the case is submitted.